**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | Criminal No. 3:24-cr-379 (DNH) |
| v. | |
| BENJAMIN WHEELER, | **Government Sentencing Memorandum** |
| Defendant. | |

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting, for the reasons set forth below, that the Court sentence the defendant to a low end of the resulting guideline sentence, with a 3-year term of supervised release.

## I

## INTRODUCTION

On October 2, 2024, pursuant to a Rule 11(c)(1)(A) plea agreement, the defendant entered a plea of guilty to a one-count Information 24-CR-379, which charges on or about August 6, 2024, in Chenango County in the Northern District of New York, the defendant, Benjamin Wheeler, knowingly possessed a firearm, specifically: one "Spikes Tactical" AR-15 style rifle bearing Model Number SL15, Serial Number SAR 782397, with a barrel length measuring less than 16 inches long, which was not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5841, 5861(d) and 5871. The defendant is scheduled to be sentenced on February 12, 2025, in Syracuse, New York.

II

**APPLICABLE STATUTORY AND GUIDELINES PROVISIONS**

The government agrees with the facts, criminal history category, guidelines calculation, and statutory sentencing requirements set forth in the Presentence Investigation Report ("PSR"). *See* Dkt. 25.

III

**GOVERNMENT'S SENTENCING RECOMMENDATION**

Based on all of the information before the Court, including the information set forth in detail in the PSR the government would ask that the Court sentence the defendant to a low end of the resulting guideline sentence consistent with the factors set forth in 18 U.S.C. § 3553(a) followed by a **3-year term** of supervised release.

The Court's task is not an easy one. The defendant's conduct in this case is extremely troubling. He was routinely interacting both in real life and on line with individuals who espoused racially motivated violent extremist beliefs. A search of his cellular telephone revealed that he had downloaded the manifesto of a racially motivated mass shooter. PSR ¶8. A search of his apartment the day he was arrested uncovered a number of legal and illegal firearms as well as military tactical gear including body armor, a Kevlar helmet and a communications system designed to work with that tactical gear. PSR ¶¶16-18. While the government has found no evidence that the defendant himself was planning to carry out an attack his conduct is gravely concerning.

Against that backdrop the Court must weigh the fact that the defendant is young, has no criminal history and began being indoctrinated by these individuals when he was still a minor. The defendant's acceptance of responsibility letter and letters of support paint the picture of a young

man who has gotten a wakeup call and realizes the errors of his ways. His conduct since his arrest of immediately accepting responsibility for his actions is also a positive indication that he understands the errors of his ways. The government truly hopes that that is the case and as such recommends a low end of the resulting guideline sentence. However, the government would also ask that the Court follow that sentence with **3 years of supervised release** to help ensure that the defendant stays on the path he claims to now be on.

The sentence that the government recommends here is sufficient, but not greater than necessary to comply with the sentencing purposes in 18 U.S.C. §3553(a)(2). This sentence reflects the seriousness of the violation and provides adequate deterrence against future violations. In the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve §3553(a)'s objectives.' *Kimbrough v. United States*, 552 U.S. 85 (2007); *see, e.g., Gall v. United States*, 552 U.S. 38 (2007) (Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions"). Moreover, within-guidelines sentences promote Congress's goal in enacting the Sentencing Reform Act - "to diminish unwarranted sentencing disparity." *Rita v. United States*, 551 U.S. 338, 354 (2007).[1]

---

[1] The government reserves the right to respond to defense arguments raised for the first time after the filing of this memorandum. Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond. *See* Fed R. Crim. P. 32(i)(1)(c), 32 (h).

Respectfully submitted this 22nd day of January, 2025.

            CARLA B. FREEDMAN
            United States Attorney

            */s/ Geoffrey J.L. Brown*

By:

            Geoffrey J.L. Brown
            Assistant United States Attorney
            Bar Roll No. 513495